| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

UNITED STATES OF AMERICA        §
                                §
*versus*                        §   CASE NO. 4:15-CR-88 (6)
                                §
EFRAIN GONZALEZ                 §

## MEMORANDUM AND ORDER

Pending before the court is Defendant Efrain Gonzalez's ("Gonzalez") *pro se* letter request for relief under the "Safety Valve" (#830). Having considered the motion, the record, and the applicable law, the court is of the opinion that Gonzalez's motion should be DENIED.

On February 9, 2017, following a four-day trial, a jury found Gonzalez guilty of Conspiracy to Possess with the Intent to Manufacture and Distribute 5 Kilograms or More of a Mixture or Substance Containing a Detectable Amount of Cocaine, in violation of 21 U.S.C. § 846. On August 18, 2017, the court sentenced Gonzalez to 136 months' imprisonment, followed by 5 years of supervised release.

The court interprets Gonzalez's current letter motion as a request for relief under the safety valve provision as amended by the First Step Act of 2018, Public Law Number 115-391 (the "First Step Act"). While the First Step Act broadened the criminal history requirements for a defendant to be eligible for the safety valve provision, these amendments apply only to a conviction entered on or after December 21, 2018. First Step Act of 2018, Pub. L. No. 115-391, § 402(b), 132 Stat. 5194, 5221. Moreover, the amendment left in place the other prerequisites to relief under the safety valve provision—including the following condition relevant here: prior to sentencing, the defendant "truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common

scheme or plan." 18 U.S.C. § 3553(f)(5).  There is no indication in the record that Gonzalez provided the Government all truthful information concerning the offense prior to sentencing, and Gonzalez did not receive any points reduction for acceptance of responsibility.  Consequently, even if the First Step Act's amendment to the safety valve provision were retroactive—which it is not—Gonzalez would still be ineligible for relief.

    Consistent with the forgoing analysis, Gonzalez's *pro se* letter request (#830) is DENIED.

    SIGNED at Beaumont, Texas, this 25th day of January, 2021.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE